IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WEST PLAINS, L.L.C.,<br><br>　　　　　　　Plaintiff,<br><br>　　vs.<br><br>RETZLAFF GRAIN COMPANY INCORPORATED, BRYCE WELLS, JEFFREY BRADLEY, THOMAS DANNER, REBECCA DANNER, JODY MAY, CHAD NEEDHAM, TODD PAYZANT, SAMANTHA RHONE, CRYSTAL KONECKY, CINDY SCHOLTING, DREW WAGGONER,<br><br>　　　　　　　Defendants. | CASE NO. 8:13CV47<br><br>MEMORANDUM<br>AND ORDER |

This matter is before the Court on the Plaintiff's Motion to Compel Compliance with Court Order (Filing No. 51). Having considered the parties' briefs and the accompanying indexes of evidence, the Motion will be denied, without prejudice to reassertion.

## BACKGROUND

On February 8, 2013, Plaintiff filed a Complaint initiating this action and alleging claims of misappropriation of trade secrets, breach of the duty of loyalty, tortious interference with business and employment relationships, conspiracy, and violations of the Computer Fraud and Abuse Act (Filing No. 1 ). On February 26, 2013, the Court granted, in part, Plaintiff's Motion for Preliminary Injunction (referred to herein as the "Preliminary Injunction Order") (Filing No. 45). The Preliminary Injunction Order stated, inter alia, that "Defendants and all persons or entities acting in concert with them shall immediately return to Plaintiff West Plains, L.L.C. d/b/a CT Freight Company all original

records or documents and any copies in whatever form or type, that contain Confidential Information belonging to Plaintiff West Plains, L.L.C. d/b/a CT Freight Company." (Filing No. 45 at 21.) The order defined Confidential Information as defined Confidential Information as:

> …including without limitation, information about customer needs (e.g. quantity of resources and location of resources needed by customers; and customer contact personnel and their corresponding facsimile numbers, telephone numbers, or email contact information); pricing processes and rates; driver databases and/or spreadsheets and information contained therein or derived therefrom; proposals made or planned by Plaintiff West Plains, L.L.C. d/b/a CT Freight Company for such customers; and technical analyses or other data provided by Plaintiff West Plains, L.L.C. d/b/a CT Freight Company for use by Individual Defendants in servicing customers and contract carriers.

(*Id.* at 20.)

To this point, Defendants have returned the following to the Plaintiff: Drew Waggoner's address book; Todd Payzant's address book; Chad Needham's address book; Jeffrey Bradley's Rolodex; Rebecca Danner's Rolodex; Todd Payzant's notes (beginning 1/29/2013); Thomas Danner's Rolodex; Chad Needham's notes (beginning 10/12/12); and data maintained by West Plains Co. following sale to West Plains, LLC. Defendants also returned paper copies of certain e-mail correspondence, including emails containing West Plains' standard forms and contracts. Plaintiff claims that Defendants have not yet produced any electronic records or any information regarding electronic accounts that contain Confidential Information belonging to West Plains. Defendants counter that they have returned any and all records or documents that may be considered confidential information under the Preliminary Injunction Order. (Filing No. 56-1 at 8.)

Plaintiff requests an order compelling all Defendants to (1) produce their personal cell phone and computer or laptop devices and to pay for fifty percent (50%) of the cost of imaging those devices and making working copies of those images; (2) identify all personal electronic mail addresses and instant messaging addresses for each Defendant and the third party hosting company for each such address; (3) allow Plaintiff to run searches of Defendants' personal cell phone and computer or laptop devices, electronic mail addresses, and instant messaging addresses to retrieve West Plains' Confidential Information; and (4) extend the April 5, 2013 deadline of the current Preliminary Injunction for a reasonable period of time until such time as Plaintiff is able to image the personal computer devices, to search the Defendants' personal electronic mail and instant messaging accounts to retrieve all Confidential Information belonging to West Plains, and to confirm that no West Plains' Confidential Information remains in Defendants' possession.  Defendants claim that they have turned over all records or documents in their possession that may be covered by the Preliminary Injunction Order, and further allowed, or will allow, Plaintiff to image their business and personal computers and electronic devices to ensure compliance.

## STANDARD

Plaintiff styles its Motion as one to compel; however, it cites standards for civil contempt and sanctions.  (*See* Filing No. 51 at 9.)  Plaintiff also alludes to Fed. R. Civ. Pr. 37(b)(2), and compares this Motion to motions to compel in the discovery context. Plaintiff's Motion does not arise under a discovery order, and the Court will therefore treat Plaintiff's Motion as one for civil contempt, with a request for sanctions.

3

In a civil contempt proceeding, the moving party must prove, by clear and convincing evidence, that the person allegedly in contempt violated the court's order. *Chicago Truck Drivers v. Bhd. Labor Leasing*, 207 F.3d 500, 505 (8th Cir.2000). However, the moving party does not need to show that the violation of the court's order was willful. *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191 (1949). Once the moving party has met its burden, the burden shifts to the nonmoving party to show inability to comply. *Chicago Truck Drivers*, 207 F.3d at 505. To demonstrate inability to comply, nonmoving parties must establish "(1) that they were unable to comply, explaining why categorically and in detail, (2) that their inability to comply was not self-induced, and (3) that they made, in good faith all reasonable efforts to comply." *United States v. Santee Sioux Tribe of Neb.*, 254 F.3d 728, 736 (8th Cir.2001) (citation omitted).

## DISCUSSION

Plaintiff's Motion relates to the mandate in the Preliminary Injunction Order that the Defendants return all confidential information belonging to Plaintiff. Thus, the question before the Court is whether Plaintiff has demonstrated by clear and convincing evidence that Defendants have failed to return "all original records or documents and any copies in whatever form or type, that contain Confidential Information belonging to Plaintiff." (Filing No. 45 at 21.) The Court concludes that the Plaintiff has not met this burden. Plaintiff relies on the affidavit of Paul Shotkoski along with copies of correspondence between the parties. Mr. Shotkoski states in his affidavit that Defendants have not produced any electronic records containing Confidential Information belonging to West Plains, nor have Defendants given Plaintiff access to

those accounts to confirm compliance with the Court's prior orders.  (Filing No. 52-1 at 5.)  Based on Defendants' alleged previous attempts to erase company e-mails, Plaintiff expresses concern that if Plaintiff is not permitted to image the Defendants' personal e-mail and instant message accounts, key information will be lost forever.  (Filing No. 51 at 6.)  Further, a primary contention of Plaintiff is that while Defendants have returned some confidential information, Defendants have failed to assure the Plaintiff or the Court that all information has been returned, nor have they disclosed the methods employed to comply with the Preliminary Injunction Order.

Defendants deny Plaintiff's claims, and affirmatively assert that they have confirmed that all documents containing covered by the Preliminary Injunction Order have been returned.  Defendants have stated, through their counsel of record, that they have returned Rolodexes, notebooks, emails, and forms that were responsive to the Preliminary Injunction Order.  (See Filing Nos. 56-1 at 4; 56-2 at CM/ECF p. 2.)  Defendants specifically assert they have turned over all records or documents in their possession that may be covered by the Court's Preliminary Injunction Order and further allowed, or will allow, Plaintiff to image their business and personal computers and electronic devices.  (Filing No. 56-1 at 7-8; 56-4 through 56-6.)

The Court cannot conclude based on the attorneys' competing affidavits that Plaintiff has produced clear and convincing evidence of Defendants' noncompliance with the Preliminary Injunction Order.  Plaintiff argues that Defendants must provide "reasonable assurance to the Plaintiff and the Court that all confidential and proprietary information has been searched for, located and returned to Plaintiff." (Filing No. 59 at 6.)  This argument attempts to shift the Plaintiff's burden of proof before Plaintiff has

proven that Defendants failed to comply with the Preliminary Injunction Order. This is inconsistent with the standard for civil contempt.

According to the representations of Defendants' counsel, Defendants have agreed to produce much of the information Plaintiff requests. Further, most of the information requested is discoverable, and avenues exist whereby Plaintiff may obtain such information through discovery without undue delay. The Preliminary Injunction Order did not require the type of confirmation or action sought by Plaintiff in this Motion and, absent clear and convincing evidence of noncompliance, it would be inappropriate to order production of this information as a sanction for contempt. Should further evidence come to light demonstrating noncompliance with the Preliminary Injunction Order, Plaintiff may reassert its claims at that time. Plaintiff has not met its burden of showing through clear and convincing evidence that Defendants have violated the Preliminary Injunction Order. Accordingly,

IT IS ORDERED: Plaintiff's Motion to Compel Compliance (Filing No. 51) is denied, without prejudice to reassertion.

Dated this 19th day of April, 2013.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge