# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| WEST PLAINS, L.L.C., | ) | |
| | ) | |
| Plaintiff, | ) | 8:13CV47 |
| | ) | |
| V. | ) | |
| | ) | |
| RETZLAFF GRAIN COMPANY INCORPORATED, BRYCE WELLS, JEFFREY BRADLEY, THOMAS DANNER, REBECCA DANNER, JODY MAY, CHAD NEEDHAM, TODD PAYZANT, SAMANTHA RHONE, CRYSTAL KONECKY, CINDY SCHOLTING, and DREW WAGGONER, | ) ) ) ) ) ) ) ) ) | ORDER |
| Defendants. | ) | |

This matter is before the Court upon the Motion to Compel filed by Plaintiff (filing 77), as well as the Motion to Compel (filing 80) filed by Defendants. Plaintiff's motion will be granted, in part, and Defendants' motion will be granted in its entirety.

## BACKGROUND

Defendants Jeffrey Bradley, Thomas Danner, Rebecca Danner, Jody May, Chad Needham, Todd Payzant, Samantha Rhone, Crystal Konecky, Cindy Scholting and Drew Waggoner ("Individual Defendants") resigned from their employment with Plaintiff on February 5, 2013, and became employed with Defendant Retzlaff Grain Company Incorporated d/b/a/ RFG Logistics ("RFG Logistics"). Plaintiff filed this suit on February 8, 2013, alleging that Defendants conspired to misappropriate Plaintiff's confidential and proprietary information and intentionally used that information to steal Plaintiff's customers, damage Plaintiff's goodwill, erode Plaintiff's market share, and tortiously interfere with Plaintiff's business relationships.

Upon motion by Plaintiff, the Court entered a temporary restraining order ("TRO") on February 12, 2013 (filing 17), and a preliminary injunction on February 26, 2013 (filing 45), restraining Defendants from soliciting or contacting customers with whom the Individual Defendants dealt with on behalf of Plaintiff until April 5, 2013. The preliminary injunction also restrained Defendants from using or disclosing Plaintiff's confidential information and trade secrets. (Filing 45.)

## DISCUSSION

Under the federal rules, parties to a lawsuit may obtain discovery regarding any matter, not privileged, that is relevant to a claim or defense of any party. Fed. R. Civ. P. 26(b)(1). Relevancy is broadly construed, and "[d]iscovery requests should be considered relevant if there is any possibility the information sought is relevant to any issue in the case and should ordinarily be allowed, unless it is clear the information sought can have no possible bearing on the subject matter of the action." Met-Pro Corp. v. Industrial Air Technology, Corp., No. 8:07CV262, 2009 WL 553017, * 3 (D. Neb. March 4, 2009). The party seeking discovery must make a threshold showing that the requested information or documents are relevant to claims or defenses. Id. "Mere speculation that information might be useful will not suffice; litigants seeking to compel discovery must describe with a reasonable degree of specificity, the information they hope to obtain and its importance to their case." Id.

Once the requesting party meets the threshold relevance burden, generally "[a]ll discovery requests are a burden on the party who must respond thereto. Unless the task of producing or answering is unusual, undue or extraordinary, the general rule requires the entity answering or producing the documents to bear that burden." Continental Ill. Nat'l Bank & Trust Co. of Chicago v. Caton, 136 F.R.D. 682, 684-85 (D. Kan. 1991). Therefore, the party opposing the motion to compel has the "burden of showing its objections are valid by providing specific explanations or factual support as to how each discovery request is improper." Whittington v. Legent Clearing, LLC, No. 8:10CV465, 2011 WL 6122566 , * 3 (D. Neb. Dec. 8, 2011).

### I.     Plaintiff's Motion to Compel

Plaintiff served its First Set of Interrogatories and First Set of Requests for Production of Documents on July 3, 2013.[1]  Defendants served responses to those discovery requests on August 19, 2013, objecting to Interrogatory Nos. 3-6 and 8-9, and Document Request Nos. 4-7 and 9-12. Generally, these requests seek information regarding communications between (1) Defendant Bryce Wells ("Wells") and the Individual Defendants regarding an Individual Defendants' employment with RFG Logistics; (2) Defendant Wells and the Individual Defendants regarding customers, customer representatives, carriers or drivers; and (3) any Individual Defendant and Plaintiff's customers, customer representatives, carriers, or drivers regarding Defendants' departure from Plaintiff and/or subsequent employment with RFG Logistics.  The discovery requests also seek information regarding RFG Logistics's business activities, income and revenue.

Defendants object to these requests, contending that they seek irrelevant information, at least to the extent that they relate to communications that took place between February 5, 2013 and February 12, 2013, and after April 5, 2013, which is the time period before the Court's TRO was entered and after the Court's preliminary injunction expired.  Defendants maintain that communications that took place during this time frame are irrelevant because the Individual Defendants were allowed to compete against Plaintiff and provide logistic services at that time. Defendants further assert that because Plaintiff's computer expert imaged Defendants' work computers at RFG Logistics in March of 2013, Plaintiff should already be in possession of any communications that occurred from February 5, 2013 through February 12, 2013.  Defendants also note that they have offered to make the Individual Defendants' personal and home electronic devices available to Plaintiff's computer expert for imaging, at Plaintiff's cost.

Defendants additionally maintain that given the volume of communications between

---

[1] The Individual Defendants and Defendant RFG Logistics all separately answered Plaintiff's First Set of Interrogatories. Although the Defendants' substantive answers differ, the parties agree that the objections to the discovery requests lodged by all Defendants are identical.

the Individual Defendants and customers, it would be unduly burdensome and expensive to require production of each and every communication that has occurred from February 5, 2013, through the present. Defendants contend that they are in constant contact with customers and carriers through various forms of communication, including sending and receiving approximately 115 to 125 emails per day, and placing and receiving 50 to 100 phone calls per day.

Upon consideration of the matter, the Court finds that the communications occurring during the subject time frame are relevant and, except as later detailed in this Order, production of the requested materials would not be overly burdensome. This case involves allegations that Defendants misappropriated Plaintiff's confidential information and used that information to interfere with Plaintiff's business relationships. Plaintiff is entitled to discover any use by Defendants of Plaintiff's confidential and trade secret information. Although Plaintiff has imaged Defendants' computers, this does not mean that other responsive materials do not exist elsewhere. The Court recognizes that document production may be voluminous, but this circumstance is insufficient to preclude production in this instance. Although a significant number of documents may be responsive, the requests, with the exception of those discussed below, are sufficiently narrowly crafted. Also, it appears that responsive documents may located, at least in part, through electronic searches. Therefore, by July 3, 2014, Defendants shall supplement their discovery responses to account for communications which occurred after February 5, 2013.

However, Defendants' Court ordered supplementation of Interrogatory No. 3 and Document Production Request Nos. 4 and 5, which seek information regarding the Individual Defendants' employment at RFG Logistics, will be limited by the Court. While information pertaining to the circumstances surrounding an Individual Defendants' eventual employment with RFG Logistics is certainly relevant, the scope of these requests is somewhat troubling. Interrogatory No. 3 asks that Defendants "[i]dentify any and all oral or written communications . . . between any Individual Defendant and Defendant Bryce Wells from December 1, 2012 to the present, *regarding an Individual Defendant's employment* or potential employment at RFG Logistics . . ." (filing 79-3) (emphasis added). Document Request No. 4 asks for the production of "all documents that evidence or otherwise relate to communications between any Individual Defendant and any other person, during the period

4

of time from March 1, 2012, through the present, regarding the Individual Defendant's resignation or termination of employment [with Plaintiff] and/or *subsequent employment* at RFG Logistics" (filing 79-2) (emphasis added).  Document Request No. 5 requests "all documents that evidence or otherwise relate to communications between any Individual Defendant and Defendant Bryce Wells or any other representative of RFG Logistics, during the period of time from March 1, 2012, through the present, *regarding employment* or potential employment with RFG Logistics."  (*Id.*) (emphasis added).

The Court finds that Interrogatory No. 3 and Document Production Request Nos. 4 and 5 are overly broad.  As written, the requests encompass ordinary, day-to-day employment issues that have nothing to do with this suit.  To require the Individual Defendants to identify each and every communication concerning their subsequent employment with RFG Logistics is simply unrealistic.  Given the breadth of these requests, the Court will order Defendants to supplement their responses to the extent that Defendants have not revealed communications regarding the Individual Defendants' resignation or termination of employment with Plaintiff and/or potential employment with RFG Logistics.

Defendants also object to Interrogatory Nos. 8-9 and Document Request Nos. 9-12, which seek information regarding RFG Logistics's business activities, income and revenue, on the grounds of relevance and scope.  The Court finds that these requests are relevant, as they pertain to the assessment of damages, if any, in this case.  The Court further finds that the requests are not overly broad.  Therefore, Defendants shall supplement their responses to these discovery requests by July 3, 2014.

**II.     Defendants' Motion to Compel**

Defendants request that Plaintiff supplement its responses to Interrogatory Nos. 6, 9, and 12, as well as Document Request Nos. 2-6, 8-10, 13, and 15-21.  Plaintiff has agreed to supplement its responses to Interrogatory Nos. 6 and 9.  Moreover, Plaintiff represents that its response to Interrogatory No. 12 is complete, and Defendants are satisfied with Plaintiff's representation in this regard.  Plaintiff has also agreed to supplement its responses to Document Production Request Nos. 10 and 20.  Accordingly, this Order will only address Defendants' complaints with respect to Plaintiff's responses to Document Request Nos. 2-6,

8, 9, 13, 15-19, and 21.

Defendants maintain that Plaintiff's responses to the subject Document Requests are insufficient because Plaintiff failed to identify with particularity the documents that are responsive to each individual Request. In response to Defendants' Request for Production of Documents, Plaintiff produced 1,870 bates-stamped documents and a separate CD labeled "CT Freight/Plaintiff Disc A," which contains a large number of documents. Rather than specifically identifying responsive documents for each Request, Plaintiff responded to the Requests by stating that it conducted a diligent search and will produce responsive documents. Plaintiff claims that because Defendants failed to identify responsive documents, it is impossible for them to determine which documents are responsive to each particular Request. Plaintiff argues that its responses are sufficient because the documents were produced as they are kept in the usual course of business, and because the files contained on Disc A are labeled and the contents can be deciphered by simply viewing the documents.

The Court finds that Plaintiff's responses are insufficient. Plaintiff produced thousands of documents. Although some of the documents were divided into files on Disc A, the document production was not accompanied by any indices to guide Defendants to responsive materials. Defendants should not have to sift through a multitude of documents in order to find responsive materials, particularly when Plaintiff is seemingly more familiar with the documents. *See Graske v. Auto-Owners Ins. Co.*, 647 F. Supp.2d 1105, 1108-09 (D. Neb. 2009) (finding the defendant's responses to document production requests insufficient when the defendant produced thousands of documents without any indices or other tool to guide plaintiffs to the responsive materials). Although Fed. R. Civ. P. 34 allows a responding party to produce documents in the manner they are kept in the usual course of business, "the same rules that apply to producing documents under Rule 33(d) are generally applicable to Rule 34." *Id*. at 1108. While Fed. R. Civ. P. 33 permits a party to respond to interrogatories by producing business records, the records must be described in sufficient detail to enable the requesting party to readily identify them. Fed. R. Civ. P. 33.

Accordingly, by or before July 3, 2014, Plaintiff shall supplement its responses to Interrogatory Nos. 6 and 9, as well as Document Production Request Nos. 10 and 20. By said date, Plaintiff shall also supplement its responses to Document Request Nos. 2-6, 8, 9,

13, 15-19, and 21 by producing an indices or other tool to guide Defendants to the documents responsive to each individual Request.

**IT IS ORDERED:**

1. Plaintiff's Motion to Compel Discovery Responses (filing 77) is granted, in part, as set forth above.

2. Defendants' Motion to Compel Discovery Responses (filing 80) is granted as set forth above.

**DATED June 3, 2014.**

                                      **BY THE COURT:**

                                      **S/ F.A. Gossett**
                                      **United States Magistrate Judge**