IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WEST PLAINS, LLC, ) <br> d/b/a CT FREIGHT COMPANY, ) <br> ) <br>     **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> RETZLAFF GRAIN COMPANY, ) <br>  INCORPORATED d/b/a RFG LOGISTICS, ) <br> BRYCE WELLS, JEFFREY BRADLEY, ) <br> THOMAS DANNER, REBECCA DANNER, ) <br> JODY MAY, CHAD NEEDHAM, ) <br> TODD PAYZANT, SAMANTHA RHONE, ) <br> CRYSTAL KONECKY, CINDY SCHOLTING, ) <br> AND DREW WAGGONER, ) <br> ) <br>     **Defendants.** ) | Case No. 8:13-CV-00047 <br><br> FOURTH AMENDED ORDER <br> SETTING FINAL SCHEDULE <br> FOR PROGRESSION OF CASE |

This case is before the court on the Joint Motion to Amend Progression Order (#133). The motion will be granted.

**IT IS ORDERED,** that the provisions of the court's earlier, initial progression order remain in effect, and in addition to those provisions, the following amended deadlines shall apply:

    1.    **Motions for Summary** Judgment.  All summary judgment motions have been filed and submitted to the Court.

    2.    **Discovery Deadlines:**

        a.    **Deposition Deadline.**  All depositions, whether or not they are intended to be used at trial, shall be completed by **October 31, 2015**.  All interrogatories, requests for admissions, and requests for production or inspection, whether or not they are intended to be used at trial, shall be served sufficiently early to allow for a timely response before that date. Counsel may stipulate to extensions of time to respond to discovery requests in accordance with Fed. R. Civ. P. 29, as amended, but such extensions shall not extend any of the dates in

this Order, and any requests for extensions of any of the deadlines herein shall be made by appropriate motion and order.

    b.    **Written Discovery Deadline.**  All interrogatories, requests for admission, and requests for production or inspection, whether or not they are intended to be used at trial, shall be completed by **August 31, 2015**.  Counsel may stipulate to extensions of time to respond to discovery requests in accordance with Fed. R. Civ. P. 29, but such extensions shall not extend any of the dates in this order; **any request to extend the deadlines of this order shall be sought by motion.**

    c.    **Discovery Motions.**  Discovery motions shall be filed not later than **September 30, 2015** as to matters which are then ripe for decision; discovery matters arising after that date may be the subject of motions until the deposition deadline.  Counsel are reminded of the provisions of NECivR 7.0.1(i).

3.    **Pretrial Disclosures.**  Pursuant to Fed. R. Civ. P. 26(a)(3), each party shall serve opposing counsel and file a redacted version as applicable with the following information regarding the evidence it may present at trial other than solely for impeachment purposes as soon as practicable but not later than the date specified:

    a.    **Nonexpert Witnesses – On or before October 2, 2015:**  Each party shall provide to all other parties the name of each witness, separately identifying those whom the party expects to present and those whom the party may call if the need arises.

    b.    **Deposition Testimony and Discovery – On or before October 2, 2015:**  (1) The portions of each deposition, designated by page and line, that it intends to offer and (2) each discovery response of another party it intends to offer.  Such designations and any

objections thereto shall also be included in the final pretrial conference order. See NECivR 16.2.

    c.    **Trial Exhibits – On or before October 2, 2015:** A list of all exhibits it expects to offer by providing a numbered listing and permitting examination of such exhibits, designating on the list those exhibits it may offer only if the need arises.

    d.    **Waiver of Objections.** Any and all objections to the use of the witnesses, deposition testimony, discovery responses, or exhibits disclosed pursuant to the above subparagraphs, including any objection pursuant to Fed. R. Civ. P. 32(a) that a deponent is available to testify at the trial, shall be made a part of the pretrial order. Failure to list objections (except those under Fed. R. Evid. 402 and 403) is a waiver of such objections, unless excused by the Court for good cause shown.

4.    **Motions in Limine:**

    a.    *Daubert* **Motions.** Any motion in limine challenging the admissibility of testimony of an expert witness under Fed. R. Evid. 702, shall be filed by **September 18, 2015**, in the absence of which any objection based upon said rule shall be deemed waived. See *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999), and *Daubert v. Merrell-Dow Pharmaceuticals*, 509 U.S. 579 (1993).

    b.    Any other motions in limine shall be filed no later than **October 12, 2015.**

5.    The **Final Pretrial Conference** with the undersigned magistrate judge is set for **October 19, 2015, at 10:30 A.M.,** in chambers, 111 South 18th Plaza, Suite 2210, Roman L. Hruska United States Courthouse, Omaha, Nebraska. The final pretrial conference shall be attended by lead counsel for represented parties. Counsel shall complete prior to the pretrial conference, all items as

directed in NECivR 16.2.1 By the time of the pretrial conference, full preparation for trial shall have been made so that trial may begin immediately thereafter. The pretrial conference will include a discussion of settlement, and counsel shall be prepared through investigation, discovery and communication with clients and insurers, if any, to discuss fully the subject of settlement, including realistic expectations about liability, obstacles to agreement, offers made, and offers which can be made at the conference. Counsel shall be prepared to make additional offers or proposals for settlement on behalf of their clients at the pretrial conference, and counsel shall be prepared to make or opine on recommendations for further negotiations and conferences.

    6.    **Mediation and Settlement:**

        a.    If the parties intend to mediate their dispute, **notice of the mediation**, shall be given to the staff of the magistrate judge's office. The filing of a mediation reference order will terminate pending motions, without prejudice to refiling. If the mediation is not successful, the moving party may reinstate such a motion by filing a written notice to that effect, and the other parties may respond in accordance with local rules, regarding the date of the notice as reinstating the response/reply time that remained as of the date the mediation reference order was filed.

        b.    Not later than **two weeks prior to trial**, plaintiff or plaintiff's counsel shall serve on defendants or defendants' counsel, a written, updated settlement proposal. Defendants or defendants' counsel shall respond in writing to such proposal not later than one week before trial.

---

[1] All personal information should be redacted from the public version of the order and/or attachments filed with the Clerk. *See* NECivR 5.0.3.

      c.    Notice of settlement shall be given to the trial judge's office as soon as practicable but in any event in time to avoid summoning a jury. If a case settles and notice of settlement is not given in sufficient time to avoid summoning a jury, assessment of jury costs may—and normally will—be made against a party and/or counsel for one or more of the parties. For purposes of this paragraph, a jury is considered summoned for a trial at noon the business day prior to the designated date of trial.

7.    **A jury trial** is set to commence, at the court's call, during the week of **November 17, 2015**, in **Omaha**, Nebraska, before **The Honorable Laurie Smith Camp**, Chief United States District Judge. Unless otherwise ordered, jury selection shall be at the commencement of trial.

8.    **Motions to Alter Dates**. All requests for changes of deadlines or settings established herein shall be directed to the magistrate judge by appropriate motion, including all requests for changes of trial dates. Such motions shall not be considered in the absence of a showing by counsel of due diligence in the timely development of this case for trial and the recent development of circumstances, unanticipated prior to the filing of the motion, which require that additional time be allowed.

DATED this 27th day of July, 2015.

                                    BY THE COURT:

                                    s/ F.A. Gossett, III
                                    United States Magistrate Judge