IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **WEST PLAINS, L.L.C., d/b/a CT FREIGHT COMPANY,**<br><br>　　　　　**Plaintiff,**<br><br>　　vs.<br><br>**RETZLAFF GRAIN COMPANY, INCORPORATED, d/b/a RFG LOGISTICS, BRYCE WELLS, JEFFREY BRADLEY, THOMAS DANNER, REBECCA DANNER, JODY MAY, CHAD NEEDHAM, TODD PAYZANT, SAMANTHA RHONE, CRYSTAL KONECKY, CINDY SCHOLTING, and DREW WAGGONER,**<br><br>　　　　　**Defendants.** | **CASE NO. 8:13CV47**<br><br>**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION *IN LIMINE*** |

## INTRODUCTION

COMES NOW the Plaintiff, West Plains, L.L.C., d/b/a CT Freight Company (West Plains) by and through its counsel of record, and hereby submits its brief in support of its Motion *in Limine*. West Plains respectfully requests the Court enter an Order excluding evidence, testimony, or argument related to (1) West Plains' financial statements and audit reports, (2) CT Freight's employee agreement with employees hired after February 5, 2013, (3) testimony of Defendants' expert witness, Ernest Goss, Ph.D., beyond the scope of his expert report, (4) documents not produced in discovery, and (5) QuatrA LLC or other affiliated corporation. West Plains' financial condition is irrelevant to the damages suffered by CT Freight and any inclusion of such information is unfairly prejudicial and would confuse and mislead the jury. Additionally, whether employees hired by CT Freight after February 5, 2013, signed employment agreements is irrelevant and improper under the rules of evidence.

## GENERAL BACKGROUND

This matter revolves around Defendants' unlawful takeover of CT Freight, a freight brokerage division of West Plains. West Plains is an agricultural commodity trading business. CT Freight is a division of West Plains focused on the freight

brokerage business.  In 2011, West Plains Company (WPCO), a company owned in full by Defendant Bryce Wells (Wells), encountered financial troubles and elected to sell substantially all of WPCO's assets to a private equity company that formed West Plains to purchase the business from WPCO and Wells.  The sale was completed on or about March of 2012.  Included within that sale was the CT Freight Division.  All of the employees operating the CT Freight division stayed with CT Freight and became employees of West Plains in March 2012.

Several months after the sale, Wells and the remaining Individual Defendants[1] named in this case, set forth and executed a plan to transfer CT Freight's successful freight brokerage business to Wells' newly created business, Retzlaff Grain Company, Inc., d/b/a RFG Logistics (RFG).  Preceding Defendants' unlawful transfer of CT Freight's business, the Individual Defendants took West Plains' confidential information, recruited co-employees to join a competitive entity on West Plains' work time, utilized and transferred West Plains' confidential information to RFG, and used such information to usurp the majority of West Plains' customer and carrier base.  Defendants' plan eventually culminated in a mass resignation on February 5, 2013, which coincided with RFG's rise in business and CT Freight's corresponding decline in business.  Within ten (10) days of the Individual Defendants' resignation, RFG was doing business with nine (9) of CT Freight's ten (10) largest customers.

On February 12, 2013, West Plains filed this lawsuit against Defendants. Currently, this matter is scheduled for jury trial on November 17, 2015.  On October 5, 2015, the defendants submitted their proposed trial exhibit list.  Included with that list are exhibits related to West Plains' financial condition and CT Freight employment agreements.  Those exhibits are the subject of West Plains' Motion *in Limine* and this brief.

---

[1] Defendants Jeffrey Bradley, Thomas Danner, Rebecca Danner, Jody May, Chad Needham, Todd Payzant, Samantha Rhone, Crystal Konecky, Cindy Scholting, and Drew Waggoner are referred to collectively herein as the "Individual Defendants."

**ARGUMENT**

"Irrelevant evidence is not admissible." Fed. R. Evid. 402. Evidence is irrelevant unless: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Even if evidence is relevant, the Court may exclude it "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

**A.    West Plain's Financial Statements and Audit Reports for 2012, 2013, and 2014**

In the Defendants' Exhibit List, the Defendants include the following exhibits: West Plains' Financial Statements and Audit Report for 2012 (CT Freight/Plaintiff 02228-02246); West Plains' Financial Statements and Audit Report for 2013 (CT Freight/Plaintiff 02247-02265); and West Plains' Financial Statements and Audit Report for 2014. *See* Filing No. 146 - Defendants' Exhibit List p. 6 (first three entries); *see also* Ex. 1 - West Plains' Financial Statement and Audit Report for 2013.

Pursuant to Federal Rules of Evidence 401, 402, and 403, West Plains' financial statements and audit reports should be excluded because such information is irrelevant and, if admitted, would be unfairly prejudicial to West Plains, cause confusion, and be misleading. West Plains' financial statements and audit reports generally reflect West Plains' assets, liabilities, and member's equity, as shown, for example, in Ex. 1 (Declaration of Paul M. Shotkoski), and have no tendency to make any fact in this case more or less probable. West Plains does not show the results of its CT Freight operating division as a separate schedule to its financial statements, and the damages sustained by West Plains as the result of the Defendants' alleged tortious conduct is not independently ascertainable from the combined financial information for all of West Plains' operations as reported on its financial statements.

West Plains' claims require proof of damages; however, the focus is on damages to the CT Freight division of West Plains' operations, and not the overall financial condition of West Plains, of which CT Freight is only a small operating division. In fact,

3

West Plains has produced financial documents related to the income and expenses of its CT Freight division, and the corresponding gross profits from that division, for the relevant time period. Those along with other documents related to income, cost of goods sold and expenses specific to the CT Freight division of West Plains are the financial documents that are relevant to the question of the damages sustained by West Plains by and through its CT Freight division. Stated simply, West Plains' financial statements and audit reports do not provide specific information from which an assessment of West Plains' damages caused by the alleged tortious actions of the Defendants specific to West Plains' CT Freight division can be measured. That information is contained in the internal financial reports specific to West Plains' CT Freight division. Even assuming West Plains' overall financial information is relevant, the probative value of such evidence will be substantially outweighed by the danger of unfair prejudice. West Plains' financial statements and audit reports would only serve to invite the jury to make a decision against West Plains based on an emotional basis because of West Plains' substantial assets. Additionally, the information would confuse the jury and unnecessarily complicate the jury's review of damages suffered by CT Freight. Therefore, the Court should exclude *in limine* West Plains' financial statements and audit reports.

**B.   CT Freight's Employment Agreements with Employees Hired After February 5, 2013**

In the Defendants' Exhibit List, the Defendants include the following exhibits: Employment Agreement of Timothy Lukowski (CT Freight/Plaintiff 02157-02161); Employment Agreement of Miles Capp (CT Freight/Plaintiff 02163-02167); Employment Agreement of Daniel Babe (CT Freight/Plaintiff 02168-02172); Employment Agreement of Jeff Hurley (CT Freight 02173-02178); Employment Agreement of Brent West (CT Freight 02179-02183); Employment Agreement of Ron Legleiter (CT Freight 02185-02190); and Employment Agreement of Brent Cummins (CT Freight 02191-02192). *See* Filing No. 146 - Defendants' Exhibit List p. 6 (bottom seven entries); *see also* Ex. 2 - CT Freight's Employment Agreements. Plaintiff anticipates Defendants attempting to offer these documents to imply that CT Freight should have had similar agreements in

4

place to prevent the Individual Defendants' theft of confidential information and customers for a competing business.

Pursuant to Federal Rules of Evidence 401, 402, 403, and 407, the court should preclude Defendants from presenting evidence, testimony, or argument with respect to employment agreements executed between CT Freight and its employees after February 5, 2013, the date of the Individual Defendant's mass resignation, because such information is irrelevant, improper under Rule 407, and, if admitted, would be unfairly prejudicial to West Plains. Employment agreements executed by other CT Freight employees after the conduct complained of in this action have no tendency to make any fact in this case more or less probable and therefore are irrelevant. To the extent these agreements are relevant, the agreements should be excluded under Rule 407. Rule 407 provides:

> When measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove: . . . culpable conduct . . . or a need for a warning or instruction. But the court may admit this evidence for another purpose, such as impeachment or--if disputed--proving ownership, control, or the feasibility of precautionary measures.

Fed. R. Evid. 407. Rule 407 extends to changes in company rules. *See* Fed. R. Evid. 407 advisory committee notes, 1972 Proposed Rules ("The courts have applied this principle to exclude evidence of . . . changes in company rules . . . and the language of the present rule is broad enough to encompass all of them.") (citing Falknor, *Extrinsic Policies Affecting Admissibility*, 10 Rutgers L. Rev. 574, 590 (1956)). CT Freight's use of employment agreements, which include a non-compete agreement and provisions aimed at preventing the pilfering of CT Freight's confidential information, trade secrets, and customers, constitute remedial measures under Rule 407. Allowing Defendants to present evidence of employment agreements executed after February 5, 2013, would contravene Rule 407. It would lead the jury to draw an unfair inference that CT Freight was at fault for not previously having similar agreements in place to prevent the Individual Defendants' theft of confidential information and customers for a competing business. Therefore, the Court should exclude *in limine* employment agreements CT Freight executed with its employees after February 5, 2013.

**C.      Dr. Goss' Opinion**

Defendants disclosed Dr. Goss as an expert to testify concerning the appropriateness of Mr. Kenedy's methodology and the assumptions Mr. Kenedy used to produce damages estimates. In his report, Dr. Goss simply opines Mr. Kenedy should have done one thing in making damages calculations, without following through Dr. Goss' own suggestions and actually offering damages estimates based on his suggested methodology and assumptions. For example, Dr. Goss posits the question, "Why the choice of 20?" with regard to the customers Mr. Kenedy used to calculate sales, and suggests Mr. Kenedy should have looked at more of CT Freight's customers. See Ex. 2 - Dr. Goss' Report p. 5 (Declaration of Paul M. Shotkoski). However, Dr. Goss does not provide his own calculations to contradict Mr. Kenedy's. Interestingly, Dr. Goss challenges Mr. Kenedy's opinion as being "without merit, too speculative, and inaccurate" when in fact Dr. Goss' opinion is pure speculation considering he offers no concrete opinions. West Plains cannot even determine the accuracy of Dr. Goss opinion because there are no calculations or estimates to review. Any testimony beyond opinions Dr. Goss expressed in his report would be inadmissible under Fed. R. Civ. P. 26. Therefore, the court should exclude any of Dr. Goss' opinions that exceed those provided in his report, which merely poses question to Mr. Kenedy, question that are actually apt for cross examination of Mr. Kenedy and not through Dr. Goss' speculative opinion.

**D.      Evidence Not Produced in Discovery**

As stated in West Plains' Motion *in Limine*, Defendants should be precluded from offering testimony or evidence regarding documents it has not previously disclosed in discovery as any such testimony or evidence would constitute an unfair surprise and would be unfairly prejudicial to West Plains under Federal Rule of Evidence 403.

**E.      QuatrA, LLC**

Pursuant to Federal Rules of Evidence 401, 402, and 403, the court should exclude any arguments, evidence, mentions, or references to QuatrA, LLC, and any

related corporations, other than the sole disclosure during voir dire only that QuatrA, LLC, is West Plains' parent company because such information is irrelevant and, if admitted, would be unfairly prejudicial to West Plains. QuatrA, LLC is affiliated with energy commodities trading companies that focus on the sale of ethanol, natural gas, liquefied natural gas, petroleum products, and crude oil. In light of the current negative climate and attitude toward oil companies, the jury could potentially hold such information against West Plains and render a verdict improperly based on an emotional basis. Therefore, the Court should exclude *in limine* any argument or evidence of the business QuatrA, LLC and affiliated corporations, other than the sole disclosure during voir dire only that QuatrA, LLC, is West Plains' parent company.

## CONCLUSION

Based on the foregoing, West Plains respectfully requests the Court grant West Plains' Motion *in Limine* and preclude Defendants from presenting evidence, testimony, or argument related to (1) West Plains' financial statements and audit reports, (2) CT Freight's employee agreement with employees hired after February 5, 2013, (3) testimony of Defendants' expert witness, Ernest Goss, Ph.D., beyond the scope of his expert report, (4) documents not produced in discovery, and (5) QuatrA LLC or other affiliated corporation.

DATED this 12th day of October, 2015.

       West Plains, L.L.C., d/b/a CT Freight Company, Plaintiff.

BY: */s/* Kathryn A. Dittrick
Paul M. Shotkoski, #20873
Kathryn A. Dittrick, #23513
Sarah L. McGill, #24790
FRASER STRYKER PC LLO
500 Energy Plaza
409 South 17th Street
Omaha, NE  68102-2663
(402) 341-6000
pshotkoski@fraserstryker.com
kdittrick@fraserstryker.com
smcgill@fraserstryker.com
Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court for the United States District Court for the District Court of Nebraska using the CM/ECF system this 12th day of October, 2015, which will send notification of such filing to:

Patrick M. Flood
Michael R. Peterson
Hotz, Weaver, Flood, Breitkreutz & Grant
444 Regency Parkway Drive, Suite 310
Omaha, NE  68114

/s/ Kathryn A. Dittrick

1357247 v2