## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| WEST PLAINS, LLC, | ) | |
| d/b/a CT FREIGHT COMPANY, | ) | **Case No. 8:13-CV-00047** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **REPLY BRIEF IN SUPPORT OF** |
| | ) | **DEFENDANTS' MOTION IN LIMINE** |
| RETZLAFF GRAIN COMPANY, | ) | |
| INCORPORATED d/b/a RFG LOGISTICS, | ) | |
| BRYCE WELLS, JEFFREY BRADLEY, | ) | |
| THOMAS DANNER, REBECCA DANNER, | ) | |
| JODY MAY, CHAD NEEDHAM, | ) | |
| TODD PAYZANT, SAMANTHA RHONE, | ) | |
| CRYSTAL KONECKY, CINDY SCHOLTING, | ) | |
| AND DREW WAGGONER, | ) | |
| | ) | |
| **Defendants.** | ) | |

Defendants respectfully submit this Reply Brief in Support of their Motion in Limine (Filing No. 152).

## INTRODUCTION

In its Brief in Opposition to Defendants' Motion in Limine, Plaintiff West Plains, LLC, d/b/a CT Freight ("West Plains"), primarily argues that its "total loss of value" theory of recovery is the proper measure of damages for the claims asserted in this case. West Plains also claims, for the first time, that it should be allowed to pursue several new theories of recovery which West Plains recently disclosed on October 29, 2015 – 5 days before the pre-trial conference. For the reasons set forth below and in their Opening Brief (Filing No. 153), Defendants' Motion in Limine should be granted in its entirety.

<u>**ARGUMENT**</u>

**I.    WEST PLAINS' "TOTAL LOSS OF VALUE" THEORY OF RECOVERY IS NOT THE PROPER MEASURE OF DAMAGES IN THIS CASE.**

To support its "total loss of value" theory of recovery, West Plains relies primarily on the case of <u>De Vries v. Starr</u>, 393 F.2d 9 (10th Cir. 1968). (Filing No. 168, Plaintiff's Opposition Brief, pp. 4-5). It is unclear how the decision in <u>De Vries</u> supports West Plains' argument since the Tenth Circuit held that lost profits, where reasonably ascertainable, are the usual measure of damages. <u>Id</u>. at 19. West Plains also argues that the decision in <u>Racicky v. Farmland Indus., Inc</u>. 328 F.3d 389, 397 (8th Cir. 2003) supports its claim for total loss of value damages. <u>Racicky</u> is distinguishable and involved a negligence claim for the destruction of personal property (dairy cows) which could not be restored to its prior condition as opposed to the destruction of a business. Even if the lost market value measure of damages for personal property applied to the destruction of a business, the court in <u>Racicky</u> held that the lost market value is measured by the difference in the market value of the property immediately before and after the injury. <u>Racicky</u>, F.3d 328 at 397, <u>quoting</u> <u>Shotkoski v. Standard Chem. Mfg. Co.</u>, 195 Neb. 22, 237 N.W.2d 92, 98 (1975). In this case, West Plains' expert, William W. Kenedy, calculated West Plains' damages based on his appraisal of the CT Freight business as of February 5, 2013 only, and did not provide an opinion as to the difference in the the market value of CT Freight immediately before and after the Defendants' alleged tortious conduct. (<u>See</u> Filing No. 155, Defendants' Index of Evid. in Support of Motion in Limine, Flood Aff. ¶4, Exhibit "B", William W. Kenedy letter to Plaintiff's counsel, pp. 4-5).

West Plains also fails to cite any Nebraska case law supporting a total loss of value theory of recovery if a business is not completely destroyed and ignores the cases cited in Defendants'

Opening Brief holding that the proper measure of damages is lost profits. (See Defendants' Opening Brief, Filing No. 153, pp. 4-6). Assuming the CT Freight business was in fact completely destroyed, the proper measure of damages would be the difference between the value of the business before and after the destruction of the business. See Wellogix v. Accenture, LLP, 823 F.Supp.2d 555, 569 (S.D. Tex. 2011) (holding that proper measure of damages for destruction of a business is measured by the difference between the value of the business before and after the injury or destruction) (citations omitted).

It is undisputed that the CT Freight division of West Plains continues to generate substantial revenues and compete against the Defendants in the bulk/hopper line of business. (See Filing No. 155, Defendants' Index of Evid. in Support of Motion in Limine, Flood Aff. ¶6, Exhibit "D", CT Freight Revenue by Customer for 2013; Flood Aff. ¶7, Exhibit "E", CT Freight Revenue by Customer for 2014; Flood Aff. ¶8, Ex. "F", Lukowski Depo. pp. 9:24-25; 35:20-36:12; 46:20-47:18; 48:8-49:17). Nonetheless, West Plains is attempting to hold the Defendants liable for damages equal to the fair market value of the CT Freight division despite the fact the CT Freight division continues to compete against the Defendants in the bulk/hopper line of business and has also expanded into other modes of transportation. Accordingly, because CT Freight is still a valuable business generating substantial revenues, West Plains' total loss of value measure of damages is improper.

Since lost profits is the proper measure of damages for the claims asserted by West Plains in this case, evidence of total loss of value damages is not relevant and would only confuse the jury on the issue of damages. In addition, West Plains' expert, William W. Kenedy, calculated West Plains' alleged lost profits damages based on CT Freight's financial statements and without reference to his total loss of value calculation. (See Filing No. 155, Defendants' Index of Evid. in Support of Motion

in Limine, Flood Aff. ¶4, Exhibit "B", William W. Kenedy letter to Plaintiff's counsel, pp. 4-5). Therefore, any evidence or testimony by Mr. Kenedy regarding CT Freight's total loss of value should be excluded because it is not relevant or probative of the alleged damages suffered by West Plains.

Finally, Defendants note that courts frequently address the proper measure of damages through a motion in limine and rule on the issue to narrow evidentiary rulings at trial and eliminate any confusion. See In re Flat Glass Antitrust Litigation (II), 2014 WL 4384534, *2 (W.D. Penn. Sept. 4, 2014) (holding that appropriate method to raise an issue related to proper measure of damages is through a motion in limine); Dethmers Mfg. Co., Inc. v. Automatic Equip. Mfg. Co., 73 F.Supp.2d 997, 1012-1013 (N.D. Iowa 1999) (granting motion in limine to exclude evidence of the defendant's profits because disgorgement theory of recovery was not the proper measure of damages); and U.S. ex rel Health Dimensions Relationships, Inc. v. Rehabcare Group, Inc., 2013 WL 5340910, *4 (E.D. Mo. Sept. 23, 2013) (granting motion in limine to determine proper measure of damages as a matter of law and to exclude the defendant from offering evidence that damages should be reduced by the value of services provided).   Accordingly, for the reasons set forth above and in Defendants' Opening Brief, West Plains should be precluded from offering evidence supporting its total loss value calculation because it is not the proper measure of damages for any of Plaintiff's causes of action.

## II.   WEST PLAINS' TOTAL LOSS OF VALUE AND LOST PROFIT THEORIES OF RECOVERY ARE DUPLICATIVE.

As the cases cited in Defendants' Opening Brief demonstrate, a party may not recover damages for both the total loss of business value and lost profits for the same time period because

any recovery would be duplicative. (Filing No. 153, Defendants' Opening Brief, pp. 6-7).   Once again, West Plains fails to cite any authority to rebut Defendants' positon or the cases cited in Defendants' Opening Brief.   Nonetheless, West Plains attempts to explain that CT Freight's lost profit and total loss of value theories of damages are somehow independent of each other. Defendants submit that West Plains' argument is without merit as both damage calculations encompass the same time period (February 5, 2013 through October of 2013) and would result in a double recovery to West Plains if awarded at trial.

**III.  CT FREIGHT'S LOST PROFITS ARE NOT RELEVANT ON THE ISSUE OF DAMAGES.**

West Plains, as the real party in interest seeking damages in this case, has not cited any authority to support its position that West Plains may establish lost profit damages through the financial statements of its unincorporated division, CT Freight.   Defendants submit that because CT Freight's lost profits are not relevant to establishing damages actually sustained by West Plains as whole, any evidence concerning CT Freight's lost profits should be excluded to the extent the evidence fails to support damages suffered by West Plains, the actual Plaintiff.

**IV.  WEST PLAINS' EXPERT REPORTS AND COMMUNICATIONS.**

In its Brief in Opposition to Defendants' Motion in Limine, West Plains states that it will not offer Mr. Kenedy's expert report and communications into evidence at trial. (Filing No. 168, Plaintiff's Opposition Brief, p. 11).   Accordingly, because West Plains does not intend to offer Mr. Kenedy's report and communications, Defendants' motion to exclude this evidence *in limine* should be granted.

**V.  WEST PLAINS SHOULD BE PRECLUDED FROM SEEKING FORFEITURE OF COMPENSATION PAID TO THE INDIVDUAL DEFENDANTS BECAUSE THIS THEORY OF RECOVERY WAS NEVER DISCLOSED.**

In its Brief in Opposition to Defendants' Motion in Limine filed on October 29, 2015, West Plains disclosed, for the first time, its intention to seek forfeiture of compensation paid to the Individual Defendants in connection with its duty of loyalty claim. (Filing No. 168, Plaintiff's Opposition Brief, pp. 11-14). That same evening, counsel for West Plains provided Defendants' counsel with Plaintiff's Second Supplemental Initial Rule 26(a)(1) Disclosures setting forth the following computation of damages and new theories of recovery:

> **REVISED RESPONSE:**    Plaintiff estimates a portion of its damages according to the report of William W. Kenedy, CPA/ABV/CFF, produced January 30, 2015. As noted in his report, Plaintiff claims damages of $2,131,000 for the lost value of its bulk hopper commodity business that was either transferred by the Defendants to their new company or lost due to the conduct of the Defendants, and additional operating losses proximately caused by the Defendants' concerted tortious conduct in the amount of $330,000.00. Plaintiff will also seek recovery of lost revenue and the corresponding loss of estimated profits on specific loads tendered by customers to Plaintiff prior to February 5, 2013, that Plaintiff is able to prove at trial were cancelled and transferred to Defendants' new freight broker company. Plaintiff also estimates additional damages of lost time, unjust enrichment, forfeiture of compensation, and other costs to remedy Defendants' unlawful conduct, in amounts to be proven at trial, according to documents previously produced in this case. Forfeiture of compensation is estimated for the months of November 2012, December 2012, and January 2013, for all Individual Defendants (Jeffery Bradley, Thomas Danner, Rebecca Danner, Jody May, Chad Needham, Todd Payzant, Samantha Rhone, Crystal Konecky, Cindy Scholting, and Drew Waggoner), to total approximately $188,136.82.

(Supplemental Affidavit of Patrick M. Flood ("Flood Aff.") ¶ 3, Ex. "G", Plaintiff's Second Supplemental Initial Rule 26(a)(1) Disclosures, p. 10).

In its prior disclosures, served on October 1, 2015, West Plains supplemented its response with regards to its calculation of damages and theories of recovery in this case:

> **RESPONSE:** Plaintiff estimates its damages at approximately $99,000 per month in lost profits incurred since February 2013 and continuing, a loss in the overall value of CT Freight as a going concern in an amount to be calculated based upon any permanent lost profits, plus additional damages of lost time and other costs to remedy

6

Defendants' unlawful conduct in the amount of $43,517.50, as well as interest that has accrued since the date this action was filed, costs of the action, and attorney fees, as applicable.

**SUPPLEMENTAL RESPONSE:  Please see report of William W. Kenedy, CPA/ABV/CFF, produced January 30, 2015.**

(See Filing No. 155, Defendants' Index of Evid., Ex. "A", Plaintiff's Supplement Initial Rule 26(a)(1) Disclosures, pp. 16-17).

Additionally, in its answers to written discovery, West Plains never disclosed any theory of recovery other than lost profits and loss in the overall value of CT Freight.  Specifically, on August 7, 2013, West Plains provided the following Answer to Defendants' Interrogatory No. 19 requesting all monetary damages West Plains is claiming in this lawsuit and the methodology used to calculate those damages:

**INTERROGATORY NO. 19:**  Please set forth all monetary damages you [West Plains] are claiming in this lawsuit, and include in your answer the methodology used to calculate those damages and identify any documents relied upon to arrive at your figure.

**ANSWER:**  Plaintiff estimates its damages at approximately $99,000 per month in lost profits incurred since February 2013 and continuing, a loss in the overall value of CT Freight as a going concern in an amount to be calculated based upon any pattern of lost profits, plus additional damages of lost time and other costs to remedy Defendants' unlawful conduct in the amount of $43,517.50, as well as interest that has accrued since the date this action was filed, costs of the action, attorney fees, as applicable.  Plaintiff's internal calculation of its damages is continuing, and this response may be supplemented accordingly.

(Flood Aff., ¶4, Ex. "H", Plaintiff's Answer to Defendants' Interrogatory No. 19, pp. 23-24).  West Plains has never supplemented its Answer to Interrogatory No. 19 to include any additional theories of recovery or damages it is seeking in this case.

7

To state the obvious, West Plains' most recent disclosures served on October 29, 2015 include several new theories of recovery which were never disclosed in West Plains' prior disclosures or discovery responses. Specifically, West Plains, for the first time, disclosed that it was seeking to recover the following damages: (1) lost revenue and corresponding loss of estimated profits on specific loads tendered by CT Freight customers prior to February 5, 2013 and either cancelled or transferred to Defendants' new business (not calculated); (2) unjust enrichment damages (not calculated); (3) and forfeiture of the Individual Defendants' compensation for the months of November 2012, December 2012, and January 2013 totaling approximately $188,136.82. (Defendants' Index of Evidence, Ex. 1, Plaintiff's Second Supplemental Initial Rule 26(a)(1) Disclosures, p. 10). West Plains' attempt to introduce several new theories of recovery, including forfeiture of compensation paid to the Individual Defendants, appears to be in direct response to Defendants' Motion in Limine and argument that West Plains may not recover "total loss of value" damages in this case, and that any recovery for West Plains' breach of the duty of loyalty claim is limited to forfeiture of compensation during the period of disloyalty – a theory West Plains never disclosed it would pursue until now. Due to West Plains' untimely disclosure, Defendants would be unfairly prejudiced if West Plains is allowed to present evidence of any new theory of recovery at trial.

Furthermore, West Plains has not presented any excuse or justification for its failure to timely disclose its new theories of recovery and calculation of damages in this case. See Fed. R. Civ. P. 37(c)(1) (stating that a party who fails to provide the information required by Rule 26(a) or (e) will not be allowed to use that information or a witness to supply evidence at a trial "unless the failure was substantially justified or is harmless."). As noted in Defendants' Opening Brief, courts have

8

excluded a party from presenting evidence of damages at trial for failure to make proper pre-trial disclosures. See, e.g., Design Strategies, Inc. v. Davis, 469 F.3d 284, 296 (2nd Cir. 2006) (excluding lost profits); Szusterman v. Amoco Oil Co., 112 Fed. Appx. 130, 131-132 (3rd Cir. 2004) (excluding evidence of any damages); and KW Plastics v. U.S. Can Co., 131 F.Supp.2d 1289, 1295-1296 (M.D. Ala. 2001) (excluding unjust enrichment damages).

Finally, West Plains claims that forfeiture of compensation is only one of several avenues a plaintiff may pursue for a breach of the duty of loyalty claim. In support of its position, West Plains cites to Frederick v. Merz, 2013 WL 5976352 (Neb.App. Nov. 12, 2013), an unpublished Nebraska Court of Appeals' decision. Frederick is not controlling law and involved claims for both breach of the duty of loyalty and breach of fiduciary duty against corporate officers who allegedly usurped corporate opportunities and made improper distributions to shareholders. In this case, there is no claim or evidence that the Individual Defendants were officers who usurped a business opportunity belonging to West Plains or diverted money to their new business while still employed. As set forth in Defendants' Opening Brief, the proper measure of damages is forfeiture of the compensation paid to the Individual Defendants during any periods of disloyalty – a theory of recovery West Plains never advanced until October 29, 2015, after the Defendants filed their Motion in Limine challenging West Plains' total loss of value and lost profit theories of recovery.

Defendants have conducted discovery and prepared for trial with the understanding that West Plains is seeking to recover damages disclosed previously on August 7, 2013, in its Answer to Defendants' Interrogatory No. 19, when it produced William W. Kenedy's report on January 30, 2015, and at the latest on October 1, 2015 when West Plains' supplemented its Rule 26(a)(1) disclosures and again identified William W. Kenedy's report regarding damages. Other than West

Plains' disclosure of its method of computing damages under its "total loss of value" and lost profit theories of recovery set forth in Mr. Kenedy's report, West Plains did not disclose any other method of computing damages until now.  The fact that Defendants' Motion in Limine challenged West Plains' total loss of value theory of recovery and the proper measure of damages for the various claims asserted in this case should not open the door for West Plains to interject several new theories of recovery on the eve of trial.  For these reasons and the reasons set forth in their Opening Brief (Filing No. 153), West Plains should be precluded *in limine* from offering evidence at trial of those damages which have not been timely disclosed, including evidence to support its forfeiture claim due to any alleged breach of the duty of loyalty.

## VI.     WEST PLAINS SHOULD NOT BE ALLOWED TO INTRODUCE EVIDENCE SUPPORTING ANY NEW THEORY OF RECOVERY NOT PREVIOULSY DISCLOSED.

For the reasons set forth in Section V above and in their Opening Brief (Filing No. 153), West Plains should be precluded from offering any evidence of damages based upon a theory of recovery or computation which West Plains failed to timely disclose.  West Plains disclosed its intention to offer evidence supporting several new theories of recovery on October 29, 2015, including forfeiture of compensation due to the Individual Defendants' alleged breach of the duty of loyalty.  Defendants respectfully submit that West Plains should be precluded from offering evidence based on information not previously disclosed and limited to any lost profit damages it may be able to prove at trial.

## VII.    ANY DAMANGES SUFFERED BY WEST PLAINS AFTER THE TEMPORARY INJUNCTION EXPIRED ON APRIL 5, 2013 WERE NOT CAUSED BY THE DEFENDANTS.

Contrary to West Plains' argument, the rationale applied in Aon Consulting, Inc. v. Midlands Financial Benefits, Inc., 275 Neb. 642, 748 N.W.2d 626 (2008) to exclude evidence of lost profit damages after a 2 year non-solicitation agreement expired should apply equally to the facts of this case.  This Court's Temporary Injunction Order was crafted to preserve the status quo and allow both parties to compete on equitable terms after the injunction expired.  Any lost profit damages suffered by West Plains after the injunction expired on April 5, 2013 was the result of fair competition and not caused by any tortious conduct of the Defendants.

## CONCLUSION

For the reasons set forth above and in its Opening Brief (Filing No. 153), Defendants request this Court to enter an Order granting their Motion in Limine in its entirety.

RETZLAFF GRAIN COMPANY,
INCORPORATED d/b/a RFG LOGISTICS, BRYCE
WELLS, JEFFREY BRADLEY,
THOMAS DANNER, REBECCA DANNER,
JODY MAY, CHAD NEEDHAM, TODD
PAYZANT, SAMANTHA RHONE, CRYSTAL
KONECKY, CINDY SCHOLTING, AND
DREW WAGGONER, Defendants


By:/s/Patrick M. Flood
Edward D. Hotz, #11927
Patrick M. Flood, #19042
Michael R. Peterson, #23444
PANSING HOGAN ERNST & BACHMAN LLP
10250 Regency Circle, Suite 300
Omaha, NE 68114
(402) 397-5500
(402) 397-4853 (facsimile)
Attorneys for Defendants

11

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on the 5th day of November, 2015, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following attorneys for Plaintiff:

Paul M. Shotkoski
Kathryn A. Dittrick
Sarah McGill
Fraser Stryker PC LLO
550 Energy Plaza
409 South 17th Street
Omaha, NE 68102

/s/Patrick M. Flood